GREGORY; for appellee, Messrs. DENT & BLACK.   Opinion filed June 9, 1886.

No. 80—2350.   Chicago, Milwaukee & St. Paul Railway Company v. Zieman.   This was an action by appellee against the railway company, appellant, to recover for a personal injury to the former whereby he lost a leg, occasioned November 19, 1879, as it was alleged, by the negligence of the defendant's servants in running an engine at an improper rate of speed, and without giving the proper signals, at a place where the tracks of the defendan; crossed May street, in the city of Chicago.   Judgment for $2,500 for appellee.   The judgment is reversed for error in appellee's instruction, which is at variance with the rule that the doctrine of comparative negligence can not be invoked except where the injured party was in the exercise of ordinary care to avoid injury.   The rule that where the evidence is conflicting, the verdict of the jury must be taken as the proper conclusion from the evidence is subject to the qualification that the jury were accurately instructed.   Opinion by McALLISTER, J.   Judge below, KIRK HAWES.   Attorneys, for appellant, Mr. E. WALKER; for appellee, Mr ARTHUR SCHROEDER and Mr. FRANK J. LOESCH. Opinion filed June 16, 1886.

SECOND DISTRICT.

No. 1421.   Saunderson v. Town of La Salle.   Section 89 of Chap. 110, Rev. Statutes, provides that all appeals from inferior courts in cases relating to *revenue* shall be taken direct to the Supreme Court.   This suit relates to *revenue*, and the appeal should have been taken to the Supreme Court: Wing v. People, 7 Bradwell, 224; 9 Bradwell, 520 and 550 ; 5 Bradwell, 558 ;  98 Ill. 343.   It is insisted by the appellant that the appellee has, by stipulation, consented to this court taking jurisdiction of this case.   This court can not acquire jurisdiction by such consent: 4 Gil. 131 ; 71 Ill. 278 ; 91 Ill. 318.   Motion to dismiss appeal allowed.   Appeal dismissed. Leave to appellant to withdraw record, abstracts and briefs. Opinion PER CURIAM.   Opinion filed Dec. 4, 1885.

No. 1417.   Cable v. Ellis.   For the facts in this case, as well as what has been heretofore decided, the court refers to

the decision reported in 56 Ill. 531, 86 Ill. 525, and 96 Ill. 105. In the last named case the Supreme Court decided the issues in favor of appellee, and reversed the decree of this court affirming the decree of the court below, with directions to the circuit court to "determine the paid-in interest of appellee, T. B. Ellis, in the store." The decree was thereupon reversed and the cause remanded by this court to the court below under the mandate of the Supreme Court. The circuit court has attempted to adjust the rights of the parties in accordance with the mandate of the Supreme Court. The court can not go into the merits of the case, as it regards them as settled by the Supreme Court; nor does it, after a full examination of the case as now presented, see any error committed by the circuit court. The decree is therefore affirmed. Opinion by LACEY, P. J. Attorneys, for appellant, Mr. C. M. OSBORNE and Messrs. H. W. WELLS and C. DUNHAM; for appellee, Mr. GEO. W. SPAHR. Opinion filed Feb. 20, 1886.

No. 1395. Schaub v. Risser. Mary E. Schaub, appellant, brought suit against R. G. Risser, appellee, and one Charles E. Dashiell, on two promissory notes, signed with firm name of Risser & Dashiell, one for $400, dated July 25, 1881, and due in thirty days, with eight per cent. interest, and the other for $500, dated September 13, 1881, and due one day after date, with eight per cent. interest. Both notes were made payable to Upton Schaub, husband of appellee, and were by him assigned to her on the 25th of November, 1881. There was no service on Dashiell; and Risser pleaded the general issue, and denied joint liability under oath. The issues were tried before the court without a jury, and the finding and judgment were for appellee. The effect of the plea in bar denying joint liability, verified by affidavit, was to cast the burden of proof on appellant. Practice Act, section 35; Kennedy v. Hall, 68 Ill. 165. The main question in issue was whether Upton Schaub, at the time he loaned the money and took the notes, knew it was not to be used in the business of the firm of Risser & Dashiell, but was to be used for the individual benefit of Dashiell in making purchases of stocks of goods at Norway and at Cambridge. Upon this point there was a sharp conflict in the testimony, and it was for the trial court to decide as to the credibility of the several witnesses,